Ingraham, J.
The general term of this court, in the case Flagg v. Cooper et al, held that the execution issued in that action under which the sale by the sheriff was made was valid, and that decision is binding upon me on this application.
I think this court has jurisdiction to restrain the execution of a warrant to disposses where it appears that since the making of the lease the title of the lessor to the leasehold premises has been divested, and where that question can not be properly disposed of by the justice. It was so held in Gilman v. Prentice, reported in the Daily Register of November 9, 1886.
The only question remaining is whether the plaintiff has obtained by the sale under the execution a valid title to the lease held by the defendants, The Henry Prouse Cooper
By section five of article first, of title two of the Revised Statutes, seventh edition, page 21J5, it is provided: “Estates-for years shall be chattels real.” The interest, therefore, of Henry P. Cooper and Co., at the time of the entry of the judgment in favor of Flagg against Cooper, was therefore a chattel real.
By section 1251 of the Code it is provided: “Except as otherwise specifically prescribed by law, a judgment hereafter rendered, and which is docketed in the county clerk’s office, as prescribed in this article, binds and is a charge upon—ten years after filing the judgment roll and no longer—the real property and chattels real in that county which the judgment debtor has at the time of so docketing it, of which he acquires at any time afterwards and within the ten years.”
By the docketing of that judgment against Henry P. Cooper the plaintiff acquired a lien upon a lease of the premises in question. Under the execution issued on that judgment the sheriff advertised the leasehold property for sale, and on the 24th day of July, 1886, sold to the plaintiff all the right, title and interest of Henry Prouse Cooper that he had on the 3d day of July, 1883, in and to the lease herein described, and duly delivered to the plaintiff in this action a bill of sale therefor. The sale appears to be *554 regular, and so far as appears the sale was made in accordance with the provisions of the Code for the sale of personal property. Article 3, sections 1430 to 1478, do not apply to a sale under this execution, because at the time of the sale they had less than three years to run.
By section 1430 it is provided that the expression real property, as used in this and the succeeding article, include leasehold property, where the lessee or his assignee is possessed at the time of the sale of at least five years unexpired term of the lease. The leasehold interest not being real property, it must be sold as personal property and upon the sale under the execution the property sold vested immediately in the purchaser.
I think, therefore, on the facts as they appear in this application that the plaintiff has obtained a valid title to the lease by the sale under the execution. The defendant, the Nippon Mercantile Company, having appeared and asked leave to pay the amount of rent due into court, if such payment is made to the credit of the' action within ten days after the service of the order on this motion, the injunction wifi be continued against the defendant, the Henry Prouse Cooper & Co., restraining them from executing any warrant to dispossess the Nippon Mercantile Company until the further order of this court.
Plaintiff tó have ten dollars of this motion, to abide the ■event. _